# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHIRY MOODY, | : | |
| Plaintiff, | : | Civil Action No. 23-20677 (BRM) (JSA) |
| v. | : | **MEMORANDUM ORDER** |
| POLICE OFFICER D. TORRES, *et. al.*, | : | |
| Defendants. | : | |

**THIS MATTER** is before the Court on Plaintiff Khiry Moody's ("Plaintiff") counseled civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Presently before the Court is Defendant Officer M. Ragazzo's ("Defendant") motion for dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Among other arguments, Defendant seeks dismissal based on Plaintiff's failure to allege sufficient facts to sustain an Eighth Amendment excessive force claim. (*See id.* at 5-8.) Plaintiff filed his opposition to Defendant's motion. (ECF No. 13.) For the reasons set forth below, and for good cause shown, the motion to dismiss is administratively terminated and Plaintiff is given leave to file an amended complaint.

On February 6, 2024, Plaintiff filed an opposition to Defendant's motion to dismiss. (ECF No. 13.) Upon review, the Court finds that Plaintiff has included facts in support of his Eighth Amendment excessive force claim that were not pled in the Complaint. (*Compare* ECF Nos. 1 and 13.) Namely, Plaintiff alleges in his opposition that he was "handcuffed around the waist and did not present a threat" when he was allegedly assaulted by Defendant. (*See* ECF No. 13 at 5, 8.) The Court cannot consider new factual allegations alleged by Plaintiff in his opposition brief. It is well settled that a Plaintiff cannot amend a complaint in a brief opposing a motion to dismiss. *Commonwealth of Pa. ex rel. Zimmerman*, 836 F.2d 173, 181 (3d Cir. 1988).

In light of Plaintiff's opposition brief, the Court will provide Plaintiff the opportunity to submit a single all-inclusive Amended Complaint within 45 days of the date of this Memorandum and Order.

An Amended Complaint must comply with Fed. R. Civ. P. 8(a), which provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8, General Rules of Pleading.

Defendant may file a renewed motion to dismiss following Plaintiff's filing of an amended complaint.

Accordingly, and for good cause appearing,

**IT IS** on this 18th day of April 2024,

**ORDERED** Defendant's Motion to Dismiss (ECF No. 12) is **ADMINISTRATIVELY TERMINATED**; it is further

**ORDERED** that, within 45 days of the date of the Order, Plaintiff may file an amended complaint which contains all claims and supporting facts he wishes to raise before the Court; when submitting any amended complaint, Plaintiff is reminded of Federal Rule of Civil Procedure 8(a)(2)'s requirement that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Failure to do so will result in the Court ruling on Defendant's motion to dismiss without consideration of the supplemental facts alleged in Plaintiff's opposition brief; and it is further

**ORDERED** that Defendant may file a renewed motion to dismiss following the receipt of Plaintiff's Amended Complaint.

                                                 */s/ Brian R. Martinotti*
                                                 **HON. BRIAN R. MARTINOTTI**
                                                 **UNITED STATES DISTRICT JUDGE**