UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KHIRY MOODY,

           Plaintiff,

v.

POLICE OFFICER D. TORRES, et. al.,

           Defendants.

Civil Action No. 23-20677 (BRM) (JSA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendant Officer M. Ragazzo[1] seeking to dismiss Khiry Moody's ("Plaintiff") claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.) Plaintiff filed his Opposition to Defendant's Motion. (ECF No. 20.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**[2]

In September 2023, Plaintiff, a prisoner confined at Northern State Prison, filed his counseled initial Complaint alleging claims against the following defendants: (1) Police Officer

---

[1] The docket lists Officer M. Rafazzo as a defendant. However, Plaintiff's Amended Complaint names Officer M. Ragazzo as defendant (ECF No. 17 ¶ 7) and the motion to dismiss was filed by Defendant Ragazzo (ECF No. 19.) As it appears that the proper spelling of the defendant's name is Ragazzo, the Court will refer to him as such.

[2] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

D. Torres ("Torres"); (2) Police Officer M. Ragazzo ("Ragazzo"); (3) SCP Eddie Navedo ("Navedo"); (4) Police Officer Riguelme ("Riguelme"); (5) Correctional Officers 1-10; (6) John Doe 1-10; (7) State Agency 1-10; (8) Victoria L. Kuhn, Esq.; and (9) George Robinson. (*See* ECF No. 1.) On January 18, 2024, the Court dismissed the case against Defendants Torres, Navedo, and Riguelme pursuant to Federal Rule of Civil Procedure 4(m). (*See* ECF No. 11.) In January 2024, Defendant Ragazzo filed his first motion to dismiss. (*See* ECF No. 12.) On April 16, 2024, the Court terminated Defendant Ragazzo's motion to dismiss, finding Plaintiff's opposition provided factual allegations not contained in his complaint. (*See* ECF No. 16.) The Court provided Plaintiff with time to file an all-inclusive amended complaint. (*See id.*)

On May 21, 2014, Plaintiff filed an Amended Complaint raising 42 U.S.C. § 1983 excessive force claims and various state law claims. (*See generally* ECF No. 17.) In the Amended Complaint, Plaintiff alleges on or about October 8, 2021, at 7:25 p.m., he was "attacked by named corrections officers falsely claiming [P]laintiff refused to cooperate." (*Id.* ¶¶ 29, 30.) Plaintiff claims that other "officers failed to intervene during the assault." (*Id.* ¶ 30.) The Amended Complaint alleges Plaintiff suffered "permanent injury," including "stitches to the eye and injury to the elbow." (*Id.*) Plaintiff claims that he was "shackled and handcuffed around his waist at the time of the assault." (*Id.* ¶ 31.) The Amended Complaint submits that due to the assault, Plaintiff has "permanent scarring to the right eye, blurred vision and neck pain," along with "mental and emotional injury." (*Id.* ¶ 33.)

Defendant Ragazzo filed the motion to dismiss the Amended Complaint under Rule 12(b)(6) (ECF No. 19) and Plaintiff filed an opposition (ECF No. 20).

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-that the pleader is entitled to relief.'" *Id.* at 679. (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DECISION

Defendant Ragazzo argues that (1) Plaintiff fails to plead facts to state an Eighth Amendment excessive force claim; (2) the Amended Complaint contains improper group pleading; (3) Plaintiff fails to state a state law wrongful enforcement of the law claim; and (4) Plaintiff's claim for punitive damages should be dismissed. (*See* ECF No. 19-1.) The Court addresses the claims in turn.

#### A.  Eighth Amendment Excessive Force under Section 1983

Defendant Ragazzo seeks dismissal of Plaintiff's Eighth Amendment excessive force claim against him. (*See* ECF No. 19-1 at 3-6.) Defendant argues that Plaintiff has not pled facts that show Ragazzo "acted with a culpable state of mind when allegedly applying force" to Plaintiff. (*Id.* at 5-6.) Defendant Ragazzo also argues that Plaintiff fails to plead facts that Ragazzo's actions were "objectively harmful enough" to offend "contemporary standards of decency." (*Id.* at 6.)

When an inmate alleges that a prison official used excessive and unjustified force, the Eighth Amendment controls. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The subjective inquiry is "whether force was applied in a good-

faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992); *see also Giles v. Kearney*, 571 F.3d 318, 328 (3d Cir. 2009). The objective inquiry is whether the inmate's injury was more than *de minimis*. *Id.* at 9–10.

The relevant factors the court must consider are:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Giles v. Kearney*, 571 F.3d at 328.

Defendant Ragazzo argues that Plaintiff fails to plead facts that Ragazzo acted with the "culpable state of mind" in applying force. (ECF No. 19-1 at 5-6.) While Defendant Ragazzo argues that Plaintiff admits that the named corrections officers "claimed that [P]laintiff refused to cooperate," (*Id.*) Plaintiff actually alleges the named officers "falsely" claimed he refused to cooperate when they "attacked" him. (ECF No. 17 ¶ 30.) At this early stage of litigation, Plaintiff's allegation that the officers falsely claimed he refused to cooperate is sufficient to state a claim that the force applied was excessive, as it was not "applied in a good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 7.

Defendant also argues that Plaintiff fails to plead facts that Ragazzo's actions offended "contemporary standards of decency. The Court disagrees, as the Amended Complaint alleges that Plaintiff was shackled and handcuffed when officers attacked him under false pretenses. (ECF No. 19-1 ¶¶ 30, 31.) Plaintiff alleges he was brutalized and beaten, resulting in "serious permanent injury," including stitches to his eye. (*Id.* ¶¶ 29, 30.) Plaintiff alleges factual allegations suggesting

5

the force used and circumstances surrounding the use of force was objectively unreasonable. As such, Defendant Ragazzo's motion to dismiss is denied as to this issue.

### B. Group Pleading

Defendant Ragazzo next moves for dismissal of Plaintiff's excessive force claim, arguing Plaintiff's Amended Complaint consists of improper group pleading. (ECF No. 19-1 at 6-8.) The Court disagrees.

Group pleading is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (finding dismissal a § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants)). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 WL 1163751 at * 3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11.

Here, the Amended Complaint alleges that the "named corrections officers" attacked him. (ECF No. 17 at ¶ 30.) Plaintiff does not name defendants who hold different positions or had distinct roles in the attack. The Amended Complaint puts Defendant Ragazzo on notice of the allegations against him. Defendant's motion to dismiss is denied as to this issue.

### C. Wrongful Enforcement of Law

Defendant Ragazzo next moves for dismissal of Plaintiff's wrongful enforcement of the law claim. (ECF No. 19-1 at 8-9.) Defendant argues that while Plaintiff "seemingly attempts to

asserts a claim for the Defendants' asserted failure to follow law or policies . . . these statements do not identify any claim which could support jurisdiction." (*Id.*)

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Count Four of the Amended Complaint alleges the defendant corrections officers "wrongly executed and enforced relevant laws and policies binding upon them, by physically assaulting [P]laintiff when he did not present a threat to them and was handcuffed around his waist." (ECF No. 17 at ¶ 54.) The Amended Complaint fails to provide facts showing which policy or law Defendant Ragazzo failed to execute or enforce. As such, the Court is unable to discern if it would have jurisdiction over Count Four. The Court is unable to discern what type of claim Plaintiff is bringing. Count Four of the Amended Complaint is dismissed for failure to comply with Rule 8.

### D. Punitive Damages

Finally, Defendant Ragazzo moves for dismissal of Count Eight of the Amended Complaint, arguing that there is no independent cause of action for punitive damages. (ECF No. 19-1 at 9-10.)

Punitive damages are a remedy incidental to cause of action, not a substantive cause of action in and of themselves. *See, e.g.*, *Hassoun v. Cimmino*, 126 F .Supp. 2d 353, 372 (D.N.J. 2000); *see also Sellers v. School Bd. of City of Manassas*, 960 F. Supp. 1006, 1011–12 (E.D.Va.1997) (noting that compensatory and punitive damages not available under § 1983 if plaintiff does not state violation of substantive right), *aff'd*, 141 F.3d 524 (4th Cir. 1998); *California Natural, Inc. v. Nestle Holdings, Inc.*, 631 F. Supp. 465, 474 (D.N.J. 1986) (noting that New Jersey law contains no independent cause of action for punitive damages); *see also* N.J. Stat. Ann. § 2A:15–5.13(c) (stating that punitive damages may be awarded under New Jersey law only if compensatory damages have been awarded).

Punitive damages may be asserted against public employees in their individual capacities. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "It is generally a question of fact as to whether a defendant's conduct was motivated by an evil motive or involves reckless indifference." *Gaines v. Busnardo*, 2015 WL 5771233, at *8 (D.N.J. Sept. 30, 2015) (citing *Coleman v. Rahija*, 114 F.3d 778, 787 (3d Cir. 1997)).

The Amended Complaint entitles Count Eight as a "cause of action" for "punitive damages." (ECF No. 17 at 13.) As Count Eight does not state a cause of action, Defendant's motion

8

to dismiss will be granted as to this issue. However, the Court notes that the Amended Complaint states a Section 1983 excessive force claim against Defendant Ragazzo and names punitive damages a request for relief. Plaintiff has plausibly pled facts to support a punitive damages request for relief. As such, while Count Eight of the Amended Complaint will be dismissed, Plaintiff still has a standing request for punitive damages.

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss (ECF No. 19) is **GRANTED in part and DENIED in part**. Plaintiff's Count Four wrongful enforcement of the law claim is dismissed without prejudice and Count Eight punitive damages claim is dismissed with prejudice. Plaintiff's § 1983 excessive force claim and state law claims against Defendant Ragazzo remain.

An appropriate order accompanies this Opinion.

Date: February 5, 2025

                 */s/Brian R. Martinotti*
                 **HON. BRIAN R. MARTINOTTI**
                 UNITED STATES DISTRICT JUDGE